NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABACU JIMENEZ-INTERIANO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71674 Agency No. A205-024-318 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before:   TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Abacu Jimenez-Interiano, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Jimenez-Interiano did not establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)). Substantial evidence also supports the agency's determination that Jimenez-Interiano failed to establish a clear probability of future persecution in Guatemala. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable where similarly-situated family members remained in petitioner's home country unharmed). The record does not support Jimenez-Interiano's contention that the BIA failed to address arguments. Thus, Jimenez-Interiano's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Jimenez-Interiano failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, the record does not support Jimenez-Interiano's contention that his notice to appear lacked the place of his hearing.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 2) is otherwise denied.

**PETITION FOR REVIEW DENIED.**